UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALEX RANDELL,<br>　　Petitioner, | : | PRISONER HABEAS CORPUS<br>28 U.S.C. § 2241 |
| v. | : | |
| STATE OF GEORGIA,<br>　　Respondent. | : | CIVIL ACTION NO.<br>1:13-CV-3845-TWT-LTW |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner is confined at the Clayton County Jail in Jonesboro, Georgia. Petitioner, pro se, mailed to the Court a "Motion For A New Trial" and a "Rule Nisi" for a hearing on the motion. (Docs. 1, 1-1.) Both documents bear the caption of Petitioner's criminal case in the Superior Court of Clayton County, Georgia and have signature lines for the Superior Court Judge presiding over the case. (*Id.*) Petitioner complains in his motion for new trial about the conduct of his recent trial and seeks a new trial and a change of venue. (Doc. 1.)

This Court cannot adjudicate Petitioner's motion for new trial regarding his state criminal case. That motion must be adjudicated in the state court in Clayton County where Petitioner's criminal case was tried.

To the extent Petitioner seeks to challenge his judgment of conviction in federal court under the federal habeas statutes, he must first exhaust his state remedies, which

AO 72A
(Rev.8/82)

he clearly has not done. A state prisoner must exhaust all remedies available in the state courts, including completion of any post-judgment proceedings in the trial court and a direct appeal, before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1); *Brown v. Estelle*, 530 F.2d 1280, 1282-83 (5th Cir. 1976); *Tooten v. Shevin*, 493 F.2d 173, 175-77 (5th Cir. 1974) (state pre-trial detainee required to go through trial and direct appeal before seeking federal habeas relief). Petitioner's filings show that his trial only recently concluded and that he is currently pursuing post-judgment remedies in the trial court. (Docs. 1, 1-1.) Petitioner thus has not exhausted his state remedies.

Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE**. The Court **GRANTS** Petitioner leave to proceed *in forma pauperis* for purposes of dismissal only.

**SO ORDERED & RECOMMENDED**, this 21 day of November, 2013.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)